# SETTLEMENT AGREEMENT AND RELEASE

Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani (collectively "Defendants"), and Jose Tenas Navarro ("Navarro"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1.  **Definition of Parties**.

    a.      "Plaintiff" shall be defined as Jose Tenas Navarro.

    b.      Plaintiff Jose Tenas Navarro was employed by Defendants Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani.

    c.      "Defendants" shall be defined as Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani.

    d.      "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on July 25, 2019, in the United States District Court, Eastern District of New York, with Civil Action #: 19-CV-04297 (WFK)(PK).

2.  **Settlement Payment.** In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorneys' fees and costs Plaintiffs may have had, has or may have, against the Defendants which are based on alleged wage and hour violations or any related claims, and in consideration of the dismissal of the action with prejudice, Defendants shall pay the total sum of $20,139.25.00 (the "Settlement Payment") which is inclusive of all attorney's fees and costs. Defendants agree to pay    $20,139.25   as follows:

    a.      A payment to Jose Tenas Navarro in the amount of Two Thousand, Nine Hundred, Thirty-Six Dollars and Fifty Cents ($2,936.50), due within thirty (30), days of court approval of this settlement agreement;

    b.      A payment   to Jose Tenas Navarro in the amount of Two Thousand, Nine Hundred, Thirty-Six Dollars and Fifty Cents ($2,936.50), representing liquidated and other damages, due within thirty (30), days of court approval of this settlement agreement;

    c.      A payment to Abdul Hassan Law Group, PLLC, in the amount of Three Thousand Seventy-Seven Dollars and Nine Cents ($3,077.09), representing partial payment of a contingency fee ($6,605.25)[1] plus costs ($317)[2], due within thirty (30), days of court approval of this settlement agreement;

---

[1] A 1/3 contingency fee to which Plaintiff's counsel is entitled would be $6,607.41. However, to simplify the math in favor of Plaintiff, the fee was reduced to $6,605.25.

[2] The costs for the three plaintiffs in this action are $953 and Plaintiff's share of the costs is approximately $317.66. However, to simplify the calculations in favor of Plaintiff, Plaintiff's counsel reduces the reimbursement in costs to $317.

d.        Twelve payments to Jose Tenas Navarro each in the amount of Six Hundred, Twelve Dollars and Zero Cents ($612), totaling $7,344. The first of these twelve payments will be due within 60 days of court approval of this settlement agreement and the remaining eleven payments will be due at 30-day intervals following the date the first payment is due;



e.        Twelve payments to "Abdul Hassan Law Group, PLLC," each in the amount of Three Hundred, Twenty Dollars and Forty-Three Cents ($320.43), totaling $3,845.16, representing partial payment of a contingency fee ($6,605.25) plus costs ($317). The first of these twelve payments will be due within 60 days of court approval of this settlement agreement and the remaining eleven payments will be due at 30-day intervals following the date the first payment is due;

f.        The installment payments in paragraph 2(a), 2(b), 2(c), 2(d), and 2(e), shall be combined and made in a single check each month made, payable to "Abdul Hassan Law Group, PLLC, as attorney."

g.        The payments above shall be sent by first class mail delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

h.        Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement.

i.        Each Plaintiff must ensure that all taxes related to the payment described above in this Section 2 are paid.  In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid to Plaintiff and their attorney under this Section 2 of this Agreement, Plaintiffs shall fully pay the assessment.  Plaintiffs also agree to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants. A 1099-MISC (Box 10), for the payments herein will be issued to Abdul Hassan Law Group, PLLC.

j.        If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendants Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani**, written notice of said default, by sending a notice of default by email and first class mail   to Defendants' attorneys **Mr. Heriberto A. Cabrera, Esq. at herblaw11220@gmail.com"** herblaw11220@gmail.com **and to the Law Offices of Heriberto Cabrera & Assocs. Suite 2R, 480 39th Street, Brooklyn, New York 11232**Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani** in the amount of Thirty Thousand Dollars ($30,000) less any monies

paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

3.    **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for any portion of the Settlement Payment for which no taxes are being withheld as set forth below, including any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff or their attorneys pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability.

4.    **Release.** In exchange for the Settlement Payments provided for in this Agreement, Plaintiff agrees to dismiss the action, with prejudice, and release, waive, acquit and forever discharge the Defendants, jointly and severally – namely Defendant Edmonds Global Corp, E & G Auto Repair Inc. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees and Defendant Edmondo Tochimani in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns – from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Defendants and the other persons and/or entities released, but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to their pay or the manner in which they were compensated during the period alleged in the Action, or during any other time period prior to the execution of this Agreement.  For purposes of this agreement, Wage and Hour Claims shall mean: (i) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under the Fair Labor Standards Act, including but not limited to, all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (ii) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under New York state and/or local law, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Action, whether known or unknown, under New York

4

state and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

5.    **No Claims Filed.** Plaintiff represents to the Defendants, as a material inducement to enter into this Agreement, that other than the Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Defendants based upon any claims released under this Agreement filed or submitted by Plaintiff or with his knowledge, or on his behalf with any federal, state or local court, department or administrative or other agency.  If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiff shall, if requested by counsel for Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to the Defendant(s).  Plaintiff further represents that he has not assigned or transferred or attempted to assign or transfer to any person any claim that he has had or may have against any of the Defendants.

6.    **No Reliance.**  Plaintiff acknowledges that, by signing this Agreement, she has not relied upon any representations, promises or agreements made by the Defendants or their employees, officers, directors or representatives (including any attorneys) that are not contained in this Agreement.

7.    **No Consideration Absent Execution of This Agreement**.    Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

8.    **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims  asserted in this action, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).

9.    **Acknowledgments and Affirmations**.

a.                    Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

10.    **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendants breaches any provision of this

Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

11.    **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

12.    **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

13.    **Non-Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Action. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of and/or to enforce the terms of this Agreement as set forth herein.

14.    **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

15.    **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16.    **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

17.    **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

18.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Navarro was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Navarro is competent to execute this Agreement.

4

18.     **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Mr. Navarro was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Mr. Navarro is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:                                    DEFENDANT:

JOSE TENAS NAVARRO                            EDMONDS GLOBAL CORP.

By: _____                  By: X _____

Date: _____12/8/2020_____                    Print Name  EDMUNDO TOCHIMANI

                                              Title _____

                                              Date: ____12-02-20_____

                                              DEFENDANT:

                                              E&G AUTO REPAIR, INC.

                                              By: _____

                                              Print Name  EDMUNDO TOCHIMANI

                                              Title _____

                                              Date: ____12-02-20_____

                                              DEFENDANT:
                                              EDMONDO TOCHIMANI

                                              By: _____

                                              Date: ____12-02-20_____

4

## SETTLEMENT AGREEMENT AND RELEASE

Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani (collectively "Defendants"), and Marvin Paz Mayorga ("Mayorga"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1.    **Definition of Parties**.

    a.    "Plaintiff" shall be defined as Marvin Paz Mayorga .

    b.    Plaintiff Marvin Paz Mayorga was employed by Defendants Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani.

    c.    "Defendants" shall be defined as Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani.

    d.    "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on July 25, 2019, in the United States District Court, Eastern District of New York, with Civil Action #: 19-CV-04297 (WFK)(PK).

2.    **Settlement Payment.** In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorneys' fees and costs Plaintiffs may have had, has or may have, against the Defendants which are based on alleged wage and hour violations or any related claims, and in consideration of the dismissal of the action with prejudice, Defendants shall pay the total sum of $18,376.10 (the "Settlement Payment") which is inclusive of all attorney's fees and costs. Defendants agree to pay $18,376.10 as follows:

    a.    A payment to Marvin Paz Mayorga in the amount of Two Thousand, Nine Hundred, Twenty-Six Dollars and Fifty Cents ($2,926.50), due within thirty (30), days of court approval of this settlement agreement;

    b.    A payment   to Marvin Paz Mayorga in the amount of Two Thousand, Nine Hundred, Twenty-Six Dollars and Fifty Cents ($2,926.50), representing liquidated and other damages, due within thirty (30), days of court approval of this settlement agreement;

    c.    A payment to "Abdul Hassan Law Group, PLLC," in the amount of Three Thousand, Two Hundred, Forty-Four Dollars and   Ten Cents ($3,244.10) , representing partial payment of a contingency fee ($6,014.10)[1] plus costs ($317)[2], due within thirty (30), days of court approval of this settlement agreement;

---

[1] A 1/3 contingency fee to which Plaintiff's counsel is entitled would be $6,019.70. However, to simplify the math in favor of Plaintiff, the fee was reduced to $6,014.10.

[2] The costs for the three plaintiffs in this action are $953 and Plaintiff's share of the costs is approximately $317.66. However, to simplify the calculations in favor of Plaintiff, Plaintiff's counsel reduces the reimbursement in costs to $317.

4

d.          Twelve payments to Marvin Paz Mayorga each in the amount of Five Hundred, Sixteen Dollars and Zero Cents ($516), totaling $6,192. The first of these twelve payments will be due within 60 days of court approval of this settlement agreement and the remaining eleven payments will be due at 30-day intervals following the date the first payment is due;

e.          Twelve payments to "Abdul Hassan Law Group, PLLC," each in the amount of Two Hundred, Fifty-Seven Dollars and Twenty-Five Cents ($257.25), totaling $3,087 , representing partial payment of a contingency fee ($6,014.10) plus costs ($317). The first of these twelve payments will be due within 60 days of court approval of this settlement agreement and the remaining eleven payments will be due at 30-day intervals following the date the first payment is due;

f.          The installment payments in paragraph 2(a), 2(b), 2(c), 2(d), and 2(e), shall be combined and made in a single check each month made, payable to "Abdul Hassan Law Group, PLLC, as attorney."

g.          The payments above shall be sent by first class mail delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

h.          Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement.

i.          Each Plaintiff must ensure that all taxes related to the payment described above in this Section 2 are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid to Plaintiff and their attorney under this Section 2 of this Agreement, Plaintiffs shall fully pay the assessment. Plaintiffs also agree to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants. A 1099-MISC (Box 14), for the payments herein will be issued to Abdul Hassan Law Group, PLLC.

j.          If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendants Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani**, written notice of said default, by sending a notice of default by email and first class mail to Defendants' attorneys **Mr. Heriberto A. Cabrera, Esq. at herblaw11220@gmail.com"** herblaw11220@gmail.com **and to the Law Offices of Heriberto Cabrera & Assocs. Suite 2R, 480 39th Street, Brooklyn, New York 11232**Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani** in the amount of Twenty-Nine Thousand Dollars ($29,000) less any

4

monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

3.    **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for any portion of the Settlement Payment for which no taxes are being withheld as set forth below, including any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff or their attorneys pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability.

4.    **Release.** In exchange for the Settlement Payments provided for in this Agreement, Plaintiff agrees to dismiss the action, with prejudice, and release, waive, acquit and forever discharge the Defendants, jointly and severally – namely Defendant Edmonds Global Corp, E & G Auto Repair Inc. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees and Defendant Edmondo Tochimani in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns – from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Defendants and the other persons and/or entities released, but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to their pay or the manner in which they were compensated during the period alleged in the Action, or during any other time period prior to the execution of this Agreement. For purposes of this agreement, Wage and Hour Claims shall mean: (i) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under the Fair Labor Standards Act, including but not limited to, all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (ii) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under New York state and/or local law, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Action, whether known or unknown, under New York

4

state and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

5. **No Claims Filed.** Plaintiff represents to the Defendants, as a material inducement to enter into this Agreement, that other than the Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Defendants based upon any claims released under this Agreement filed or submitted by Plaintiff or with his knowledge, or on his behalf with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiff shall, if requested by counsel for Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to the Defendant(s). Plaintiff further represents that he has not assigned or transferred or attempted to assign or transfer to any person any claim that he has had or may have against any of the Defendants.

6. **No Reliance.** Plaintiff acknowledges that, by signing this Agreement, she has not relied upon any representations, promises or agreements made by the Defendants or their employees, officers, directors or representatives (including any attorneys) that are not contained in this Agreement.

7. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

8. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims asserted in this action, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).

9. **Acknowledgments and Affirmations**.

a.                    Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

10. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this

Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

11.    **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

12.    **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

13.    **Non-Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Action. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of and/or to enforce the terms of this Agreement as set forth herein.

14.    **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

15.    **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16.    **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

17.    **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

18.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Mayorga was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Mayorga is competent to execute this Agreement.

18.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Mayorga was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Mayorga is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:                                      DEFENDANT:

**MARVIN PAZ MAYORGA**                          **EDMONDS GLOBAL CORP.**

By:  _____                 By _____

Date:  ___12/8/2020_____                   Print Name  EDMUNDO TOCHIMANI

                                                Title _____

                                                Date:  12 - 02 - 20

                                                DEFENDANT:

                                                **E&G AUTO REPAIR, INC.**

                                                By: _____

                                                Print Name  EDMUNDO TOCHIMANI

                                                Title _____

                                                Date:  12 - 02 - 20

                                                DEFENDANT:
                                                **EDMONDO TOCHIMANI**

                                                By: X _____

                                                Date:  12 - 02 - 20

4

# SETTLEMENT AGREEMENT AND RELEASE

Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani (collectively "Defendants"), and Martires Duran Bernard ("Bernard"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1.    **Definition of Parties**.

a.        "Plaintiff" shall be defined as Martires Duran Bernard.

b.        Plaintiff Martires Duran Bernard was employed by Defendants Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani.

c.        "Defendants" shall be defined as Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani.

d.        "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on July 25, 2019, in the United States District Court, Eastern District of New York, with Civil Action #: 19-CV-04297 (WFK)(PK).

2.    **Settlement Payment.** In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorneys' fees and costs Plaintiffs may have had, has or may have, against the Defendants which are based on alleged wage and hour violations or any related claims, and in consideration of the dismissal of the action with prejudice, Defendants shall pay the total sum of $6,484.65 (the "Settlement Payment") which is inclusive of all attorney's fees and costs. Defendants agree to pay $6,484.65 as follows:

a.        A payment to Martires Duran Bernard in the amount of Nine Hundred, Fifty-One Dollars and Zero Cents ($951), due within thirty (30), days of court approval of this settlement agreement;

b.        A payment   to Martires Duran Bernard in the amount of Nine Hundred, Fifty-One Dollars and Zero Cents ($951), representing liquidated and other damages, due within thirty (30), days of court approval of this settlement agreement;

c.        A payment to "Abdul Hassan Law Group, PLLC," in the amount of Nine Hundred, Fifty-One Dollars and Nine Cents ($951.09) , representing partial payment of a contingency fee ($2,045.65)[1] plus costs ($317)[2], due within thirty (30), days of court approval of this settlement agreement;

---

[1] A 1/3 contingency fee to which Plaintiff's counsel is entitled would be $2,055.88. However, to simplify the math in favor of Plaintiff, the fee was reduced to $2,045.65.

[2] The costs for the three plaintiffs in this action are $953 and Plaintiff's share of the costs is approximately $317.66. However, to simplify the calculations in favor of Plaintiff, Plaintiff's counsel reduces the reimbursement in costs to $317.

4

d.        Twelve payments to Martires Duran Bernard each in the amount of One Hundred, Eighty-Five Dollars and Zero Cents ($185), totaling $2,220. The first of these twelve payments will be due within 60 days of court approval of this settlement agreement and the remaining eleven payments will be due at 30-day intervals following the date the first payment is due;

e.        Twelve payments to "Abdul Hassan Law Group, PLLC," each in the amount of One Hundred, Seventeen Dollars and Sixty-Three Cents ($117.63), totaling $1,411.56 , representing partial payment of a contingency fee ($2,045.65) plus costs ($317). The first of these twelve payments will be due within 60 days of court approval of this settlement agreement and the remaining eleven payments will be due at 30-day intervals following the date the first payment is due;

f.        The installment payments in paragraph 2(a), 2(b), 2(c), 2(d), 2(e), and 2(f) shall be combined and made in a single check each month made, payable to "Abdul Hassan Law Group, PLLC, as attorney."

g.        The payments above shall be sent by first class mail delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

h.        Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement.

i.        Each Plaintiff must ensure that all taxes related to the payment described above in this Section 2 are paid.  In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid to Plaintiff and their attorney under this Section 2 of this Agreement, Plaintiffs shall fully pay the assessment.  Plaintiffs also agree to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants. A 1099-MISC (Box 14), for the payments herein will be issued to Abdul Hassan Law Group, PLLC.

j.        If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendants Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani**, written notice of said default, by sending a notice of default by email and first class mail   to Defendants' attorneys **Mr. Heriberto A. Cabrera, Esq. at herblaw11220@gmail.com"** herblaw11220@gmail.com **and to the Law Offices of Heriberto Cabrera & Assocs. Suite 2R, 480 39th Street, Brooklyn, New York 11232**Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **Edmonds Global Corp, E & G Auto Repair Inc., and Edmondo Tochimani** in the amount of Eleven Thousand Dollars ($11,000) less any monies

4

paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

3.     **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for any portion of the Settlement Payment for which no taxes are being withheld as set forth below, including any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff or their attorneys pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability.

4.     **Release.** In exchange for the Settlement Payments provided for in this Agreement, Plaintiff agrees to dismiss the action, with prejudice, and release, waive, acquit and forever discharge the Defendants, jointly and severally – namely Defendant Edmonds Global Corp, E & G Auto Repair Inc. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees and Defendant Edmondo Tochimani in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns – from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Defendants and the other persons and/or entities released, but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to their pay or the manner in which they were compensated during the period alleged in the Action, or during any other time period prior to the execution of this Agreement.  For purposes of this agreement, Wage and Hour Claims shall mean: (i) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under the Fair Labor Standards Act, including but not limited to, all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (ii) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under New York state and/or local law, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Action, whether known or unknown, under New York

4

state and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

5.    **No Claims Filed.** Plaintiff represents to the Defendants, as a material inducement to enter into this Agreement, that other than the Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Defendants based upon any claims released under this Agreement filed or submitted by Plaintiff or with his knowledge, or on his behalf with any federal, state or local court, department or administrative or other agency.  If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiff shall, if requested by counsel for Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to the Defendant(s).  Plaintiff further represents that he has not assigned or transferred or attempted to assign or transfer to any person any claim that he has had or may have against any of the Defendants.

6.    **No Reliance.**  Plaintiff acknowledges that, by signing this Agreement, she has not relied upon any representations, promises or agreements made by the Defendants or their employees, officers, directors or representatives (including any attorneys) that are not contained in this Agreement.

7.    **No Consideration Absent Execution of This Agreement**.   Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

8.    **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims asserted in this action, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).

9.    **Acknowledgments and Affirmations**.

a.                         Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

10.    **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendants breaches any provision of this

4

Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

11.    **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

12.    **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

13.    **Non-Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Action. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of and/or to enforce the terms of this Agreement as set forth herein.

14.    **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

15.    **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16.    **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

17.    **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

18.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Bernard was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Bernard is competent to execute this Agreement.

4

18.   **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Mr. Bernard was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Mr. Bernard is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:                                        DEFENDANT:

**MARTIRES DURAN BERNARD**              **EDMONDS GLOBAL CORP.**

By: _DocuSigned by:_ _____          By: X _____
    E0C4FB55D03E463...

Date: 12/8/2020 _____               Print Name EDMUNDO TOCHIMANI

                                         Title _____

                                         Date: 12-02-20 _____

                                         DEFENDANT:

                                         **E&G AUTO REPAIR, INC.**

                                         By: X _____

                                         Print Name EDMUNDO TOCHIMANI

                                         Title _____

                                         Date: 12-02-20 _____

                                         DEFENDANT:

                                         **EDMONDO TOCHIMANI**

                                         By: X _____

                                         Date: 12-02-20 _____

4